IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03150-MSK-KLM

DOUGLAS LARSON, in his capacity as Bankruptcy Trustee for the Estate of Cynthia Coreyn Tester-Lamar,

    Plaintiff,

v.

ONE BEACON INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's oral Motion to Compel Response to Request for Production No. 1 (the "Motion"). In compliance with the Court's procedures for resolving discovery disputes, the parties contacted the Court to set a hearing on the Motion. The Court held a telephonic discovery hearing on the Motion on March 25, 2013. At the end of the hearing, the Court took the matter under advisement and stated it would issue a written order.

Pursuant to Court Order [#27], Defendant submitted an amended privilege log to Plaintiff and to the Court on April 1, 2013. [#29-1]. The amended privilege log clarified the names of the attorneys and others to whom the alleged privileged documents pertain. On April 2, 2013, Plaintiff identified the documents on the amended privilege log which it sought with its oral Motion. [#29]. On April 8, 2013, Defendant submitted those documents identified by Plaintiff to the Court for *in camera* review.

On April 8, 2013, Plaintiff submitted a Supplemental Brief Regarding Discovery of Insurance Reserves [#33]. On April 11, 2013, Defendant submitted its Response [#34]. Then, on April 15, 2013, Defendant filed a Supplemental Brief Regarding Discovery of Privileged and Protected Documents [#36]. On April 22, 2013, Plaintiff filed a Response [#38]. On April 25, 2013, Defendant filed a Reply [#39]. Defendant summarizes the privilege issues as follows:

> Plaintiff seeks production of two categories of privileged/protected documents. The first includes correspondence between [Defendant], its counsel (WEMED), defense counsel (Peter Thomas), and Cynthia Coreyn Tester-Lamar. The second is correspondence between [Defendant] and its counsel, WEMED. Plaintiff is not entitled to either category of privileged documents. The documents which [Defendant] claims are not discoverable are referenced in the attached excerpts from [Defendant's] privilege log. Exhibit A contains a listing of the documents containing communications between [Defendant] and WEMED. Exhibit B contains a listing of the documents containing communications between [Defendant], WEMED and Cynthia Coreyn Tester-Lamar and/or Peter Thomas.

*Defendant's Supplemental Brief Regarding Discovery of Privileged and Protected Documents* [#36] at 1-2. Defendant "requests that the Court protect from discovery all documents referenced in Exhibits A and B." *Id.* at 5. Plaintiff responds that "Plaintiff's Oral Motion to Compel should be granted with respect to certain of the documents in Exhibit A and all of the documents in Exhibit B." *Plaintiff's Response to Defendant's Supplemental Brief Regarding Discovery of Privileged and Protected Documents* [#38] at 1-2. However, Plaintiff had previously identified a much larger number of documents withheld on the basis of privilege in its Identification of Documents for Production and *In Camera* Review [#29] than those listed in Exhibits A and B. Thus, it is unclear to the Court which documents are still at issue.

Based on the parties' briefings, the following list is the Court's present understanding

of the documents over which the parties still have a live dispute:

1. Regarding discovery of insurance reserves, the following two documents are at issue: OB00164 and OB02097. [#33] at 1 n.1.

2. Regarding Defendant's Exhibit A [#36-1], which contains excerpts from Defendant's privilege log of documents containing communications between Defendant and its counsel WEMED, the following documents appear to be at issue: OB02246-02248, OB02283-02284, OB02285-02287, OB02312-02315, OB02316-02323, OB02349, OB02451, OB02454-02456, OB02457-02464, OB02471-02479, OB002480-02483, OB02484-02488, OB02489-02494, OB02495-02509, OB02519-02533, OB02534-02542, OB02543-02551, OB02552-02564, OB02564, OB02832, OB02847, OB02850-02852, OB02853-02855, OB02856-02857, OB02860, OB02874-02875, OB02880-02881, OB02886-02887, OB02896, OB02900-02902, OB02910-02911, OB02944-02945, OB02953, and OB02956-02957.

3. Regarding Defendant's Exhibit A [#36-1], the following documents appear to <u>not</u> be at issue because they were <u>not</u> listed on Plaintiff's Identification of Documents for Production and *In Camera* Review [#29]: OB02136, OB02294-02295, OB02301-02304, OB02348, OB02350, OB02392-02398, OB02406-02414, OB02439, OB02743, OB02744-02755, OB02775-02789, OB02822, OB02955, OB02959-02967, OB02978-02979, OB02980-02982, OB02983-02985, OB02986-02989, OB02998-03010, OB03011-0313, OB03014-03017, OB03043, OB03046-03048, OB03058-03067, OB03068-03077, and OB03159.

4. Regarding Defendant's Exhibit B [#36-2], which contains excerpts from

       Defendant's privilege log of documents containing communications between Defendant, WEMED, Cynthia Coreyn Tester-Lamar, and/or Peter Thomas, the following documents appear to be at issue: OB00783, OB00784-00792, OB01972, OB02052, OB02053, OB02055, OB02057, OB02060, OB02062, OB02068, OB02069-02073, OB02077, OB02093, OB02123, and OB02126-02127.

5. Regarding Defendant's Exhibit B [#36-2], the following document appears to <u>not</u> be at issue because it was <u>not</u> listed on Plaintiff's Identification of Documents for Production and *In Camera* Review [#29]: OB03171.

6. All other documents listed in Plaintiff's Identification of Documents for Production and *In Camera* Review [#29] appear to <u>not</u> be at issue, based on the parties' written briefs: OB02173, OB02258-69, OB02270-82, OB2288-90, OB2291-93, OB2297-2300, OB02325, OB02465-70, and OB02510-18, as well as all numbers *lower than* OB01972, except OB000164, OB00783, and OB00784-92.

In order to clarify the parties' discovery dispute,

IT IS HEREBY **ORDERED** that, **on or before May 23, 2013**, the parties shall file a Joint Status Report indicating whether discovery of the documents listed in Paragraph Nos. 3, 5, and 6 above are still in dispute.

Dated: May 20, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge