**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 12-cv-03150-MSK-KLM**

**DOUGLAS LARSON, in his capacity as Bankruptcy Trustee for the Estate of Cynthia Coreyn Tester-Lamar,**

 Plaintiff,

v.

**ONE BEACON INSURANCE COMPANY,**

 Defendant.

___

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING RECOMMENDATION, AND GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

___

 **THIS MATTER** comes before the Court pursuant to Defendant One Beacon Insurance Company's ("One Beacon") Objections **(# 67)** to the Magistrate Judge's August 23, 2013 Recommendation **(# 61)** that One Beacon's Motion for Summary Judgment[1] **(# 12)** be granted in part and denied in part, and the Plaintiff's response **(# 72)**.[2]

---

[1]  The motion was initially styled as a motion to dismiss. By Order **(# 26)** dated February 28, 2013, the Magistrate Judge converted the motion to one for summary judgment. Consistent with Fed. R. Civ. P. 12(d), both parties were given the opportunity to submit evidentiary material with regard to the issues presented by the motion.

[2]  Two other matters may be dealt with summarily. First, the Court's internal docket reflects as pending certain Objections **(# 50)** filed by the Plaintiff on July 1, 2013 to a discovery ruling by the Magistrate Judge. The Plaintiff subsequently withdrew **(# 51)** those Objections. The Clerk of the Court shall therefore terminate the pending status of Docket # 50. Second, the Plaintiff moved to stay **(# 59)** this Court's ruling on One Beacon's substantive motion in favor of further supplementation following additional discovery. Based on the discussion herein, that motion is denied as moot.

## FACTS

Although One Beacon has objected to certain factual findings set forth in the Magistrate Judge's Recommendation, those factual issues do not alter the fundamental facts of this matter. In summary, Ms. Tester-Lamar was an attorney who was insured against malpractice liability under a policy issued by One Beacon, with a maximum policy limit of $ 1 million. In 2010, former clients of Ms. Tester-Lamar brought a malpractice action against her, alleging that her drug and alcohol addiction compromised her representation of them in an underlying action. Although there was evidence suggesting that the clients' damages could exceed $ 4 million, on two occasions, the clients made offers to settle the claim for the limits of the One Beacon policy – that is, $ 1 million. On both occasions, One Beacon consulted with Ms. Tester-Lamar about the settlement offers, and Ms. Tester-Lamar indicated that she did not wish to settle. In 2012, Ms. Tester-Lamar filed for bankruptcy protection, and the Trustee – the Plaintiff in the instant action – entered into a settlement with the clients on Ms. Tester-Lamar's behalf in the amount of $ 4.5 million. The Plaintiff then commenced the instant action against One Beacon, alleging three claims, all under Colorado law: (i) breach of the insurance contract; (ii) bad faith breach of the insurance contract; and (iii) violation of C.R.S. § 10-3-1115, in that One Beacon unreasonably delayed or denied payment of a claim for benefits owed to Ms. Tester-Lamar.[3]

One Beacon moved (# 12) to dismiss the claims against it, and the Magistrate Judge subsequently converted the motion to one for summary judgment. This Court referred the matter to the Magistrate Judge for a Recommendation. On August 23, 2013, the Magistrate Judge

---

[3] Neither the parties' motion nor the Magistrate Judge's Recommendation comment on the statutory claim. The Court assumes that the disposition of that claim will follow the disposition of the common-law claims.

issued a recommendation **(# 61)** that One Beacon's motion be granted with regard to the breach of contract claim (insofar as the Plaintiff did not identify any particular contractual provision that was allegedly breached), but denied in part with regard to the bad faith breach of contract claim (for reasons that will be discussed herein).

One Beacon filed timely Objections **(# 67)** to the Magistrate Judge's recommendation, arguing that the Magistrate Judge should have found certain additional facts and that the Magistrate Judge erred in finding that the Plaintiff's bad faith claim should proceed.

## ANALYSIS

### A.  Standard of review

The Court reviews the objected-to portions of the Recommendation *de novo*.  Fed. R. Civ. P. 72(b).

### B.  Bad faith claim

The Court begins by noting that the Plaintiff has not objected to the Magistrate Judge's recommendation that the breach of express contract claim be dismissed, insofar as the Plaintiff failed to identify a specific contractual provision that One Beacon allegedly violated.  In the absence of such objection, the Court applies whatever standard of review it deems appropriate to the Magistrate Jude's findings and conclusions.  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  The Court has reviewed that aspect of One Beacon's underlying motion to dismiss *de novo*, and agrees with the Magistrate Judge that summary judgment to One Beacon on the breach of express contract claim is appropriate.

The Court then turns to the bad faith claim. As first recognized in *Farmer's Ins. Group v. Trimble*, 691 P.2d 1138, 1140-42 (Colo. 1984), a claim for bad faith breach of contract[4] in the third-party context arises when the insurer has acted unreasonably in attending to the claims made against the insured by third parties. The claim is premised upon the implied contractual duty of good faith and fair dealing, although the substantive analysis of the claim is similar to that used in negligence claims. *Id.* at 1141-42. Thus, the inquiry is whether "a reasonable insurer under the circumstances [would] have denied or delayed payment of the claim under the facts and circumstances." *Id.* at 1142.

The question of what conduct is reasonable under the circumstances is determined objectively, according to the standards generally applicable in the insurance industry. *Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo.App. 2008). Typically, the contours of those standards will be established through testimony by expert witnesses with knowledge of such standards. *Id.* The question of whether particular conduct was reasonable is normally a question for the jury, but where there are no genuine issues of material fact, the reasonableness *vel non* of the insurer's conduct can be resolved as a matter of law. *Id.*

The Court notes that neither party has come forward with evidence from expert witnesses (or any other source) that sets forth the particular insurance industry standards implicated by the Plaintiff's bad faith claim. The parties dispute whether One Beacon's actions were "reasonable" in various respects – whether it adequately advised Ms. Tester-Lamer of her potential exposure to liability above the policy limits; whether it adequately advised her to retain independent

---

[4] Notably, although the full name of the claim is one for "bad faith breach of contract," Colorado law "recognizes the viability of a claim of bad faith even if the express terms of the contract have been honored by the insurer." *Dunn v. American Family Ins.*, 251 P.3d 1232, 1235 (Colo.App. 2010).

counsel to advise her; whether it adequately investigated the allegations in the underlying suit so as to make an informed recommendation regarding settlement to Ms. Tester-Lamar – but neither party has come forward with evidence establishing the relevant insurance industry standards and practices that inform these issues.

For example, the record reflects that on February 16, 2011, One Beacon's counsel wrote to Ms. Tester-Lamar, advising her of the clients' offer to settle within policy limits and "advise[d her] to engage coverage counsel to represents your interests to the extent [that she had] any person exposure in excess of policy limits." The letter went on to state "I know you are well versed in the legal ramifications of any judgment that may issue in excess of policy limits, but please don't hesitate to contact me if you wish to discuss in more detail." Without evidence of reasonable insurance industry practices governing the degree of detail that is appropriate in a letter advising an insured to obtain independent counsel – much less evidence as to whether the comprehensiveness of such an advisement is affected by the fact that the insured may be a lawyer or otherwise expected to have particular knowledge of her legal rights or exposure – the Court cannot necessarily conclude that such an advisement was "reasonable." It may be, for example, that "the difference between 'recommending' personal counsel and 'advising' the insured about 'an option' to retain personal counsel is material" under insurance industry standards. *COPIC,* 192 P.3d at 524. Thus, some evidence of the reasonable practice in the insurance industry on this and other points is essential, even though many (but not all) of the facts showing what One Beacon actually did in handling the claims against Ms. Tester-Lamar appear to be undisputed.

Normally, the Plaintiff's failure to come forward with evidence of the requisite standards on summary judgment would be fatal to the claim. Here, however, it is undisputed that the

5

parties have birfurcated discovery in such a way that the parties have not yet completed discovery relating to each others' experts. The Magistrate Judge relied in part upon the incompleteness of expert discovery in recommending that the Court not grant summary judgment to One Beacon on the bad faith claim, and One Beacon has not disputed that expert disclosure has yet to conclude. This Court agrees that a grant of summary judgment to One Beacon, without evidence of prevailing insurance industry standards, would be premature. One Beacon is free to move again for summary judgment at the close of all discovery, putting forth the appropriate insurance industry standards and the evidence that its own conduct was reasonable according to those standards.[5]

There remains one matter presented in One Beacon's Objections that must be addressed. One Beacon contends that, by entering into a settlement with the clients without One Beacon's consent, the Plaintiff has breached the insurance contract's "cooperation clause," which required Ms. Tester-Lamar (or her representative, the Plaintiff) to obtain One Beacon's consent before

---

[5] That being said, the Court is compelled to observe that the Plaintiff appears to face substantial hurdles in prevailing, insofar as Mr. Tester-Lamar consistently maintained her own belief that the clients could not prevail in the underlying malpractice action, and the Plaintiff eventually chose to resolve that action with the clients for the full amount sought, despite Ms. Tester-Lamar's continuing belief that she faced no realistic exposure.

This places this case in sharp contrast to *COPIC*, where the insured initially refused offers to settle the claims against him within policy limits, but subsequently agreed to seek a settlement (only to have his insurer make an unreasonably low offer to the opposing party). In *COPIC*, the plaintiff bankruptcy trustee found an ally in the insured in the battle against the insurer, and was able to secure critical testimony from the insured that supported the bad faith claim. 192 P.3d at 526 ("Morris specifically testified that if COPIC had recommended that he settle, he would have given his consent to settlement"; "there is evidence that Morris relied upon COPIC and defense counsel who . . . may have misevaluated the case"). Here, by all appearances, both One Beacon and Ms. Tester-Lamar have aligned themselves in opposition to the Plaintiff, making it unlikely that the Plaintiff will be able to secure the type of favorable testimony from Ms. Tester-Lamar that allowed the claim in *COPIC* to survive. For example, only a tiny scrap of Ms. Tester-Lamar's deposition testimony has been submitted by the Plaintiff, but that scrap clearly reflects Ms. Tester-Lamar's own evaluation of the client's claims and belief that she faced no material exposure on those claims.

entering into any settlement of a claim covered by the policy. Although it is undisputed that the Plaintiff's settlement with the clients was effected without One Beacon's consent, there is authority suggesting that the existence of a colorable bad faith claim against One Beacon precludes One Beacon from invoking the cooperation clause. *Nunn v. Mid-Century Ins. Co.*, 224 P.3d 116, 119-20 (Colo. 2010) ("when it appears that the insurer—who has exclusive control over the defense and settlement of claims pursuant to the insurance contract—has acted unreasonably by refusing to defend its insured or refusing a settlement offer that would avoid any possibility of excess liability for its insured, the insured may take steps to protect itself from potential exposure to such liability"). Indeed, *Nunn*'s dissenting Justices complained that the majority's ruling would operate to deprive insurers of the benefits of cooperation clauses of this sort. 244 P.3d at 124-25 & n. 1 ("we should hold that [the stipulated judgment] is not enforceable against Mid–Century because it was entered into while Mid–Century was providing James with a defense"). The dissent's complaint supports the conclusion that the majority rule in *Nunn* operates to forgive the Plaintiff's agreement to settle the case with the clients without One Beacon's consent.

Accordingly, the Court adopts the Magistrate Judge's Recommendation.[6]

## **CONCLUSION**

For the foregoing reasons, One Beacon's Objections (**# 67**) are **OVERRULED** and the Court **ADOPTS** the Recommendation (**# 61**). One Beacon's Motion for Summary Judgment (**#

---

[6] Because the Court finds that summary judgment should be denied to One Beacon on the bad faith claim, the Court need not reach One Beacon's objections to certain factual findings by the Magistrate Judge. The objected-to findings would not alter the conclusion herein (particularly insofar as those objections, if sustained, would not cure the absence of evidence regarding insurance industry standards and practices), and this Court makes no conclusive findings of fact that pursuant to Fed. R. Civ. P. 56(g). One Beacon is free to present those factual contentions and supporting evidence in any summary judgment motion it makes in the future.

8

**12)** is **GRANTED IN PART**, insofar as One Beacon is entitled to summary judgment on the Plaintiff's breach of express contract claim, and **DENIED IN PART**, without prejudice, with regard to the bad faith claim. The Plaintiff's Objections **(# 50)** are **DEEMED WITHDRAWN**. The Plaintiff's Motion to Stay **(# 59)** is **DENIED AS MOOT**.

Dated this 25th day of September, 2013.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge