**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 12-cv-03150-MSK-KLM

**DOUGLAS LARSON, in his capacity as Bankruptcy Trustee for the Estate of Cynthia Coreyn Tester-Lamar,**

**Plaintiff,**

v.

**ONE BEACON INSURANCE COMPANY,**

**Defendant.**

---

### OPINION AND ORDER GRANTING
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court on the Defendant One Beacon Insurance

Company's Renewed Motion for Summary Judgment (**#98**), the Plaintiff Douglas Larson's

Response (**#104**), and the Defendant's Reply (**#107**). The parties had an opportunity to present

oral argument on the matter at a hearing on March 30, 2015.

### I. Material Facts

The underlying facts of this case are complex, although mostly undisputed. As relevant

here, Ms. Tester-Lamar was an attorney who was insured against malpractice liability under a

policy issued by the Defendant, One Beacon Insurance Company. The policy limit was $1

million.

In 2010, former clients of Ms. Tester-Lamar brought a malpractice action against her and

her law firm. One Beacon defended Ms. Tester-Lamar in the malpractice action. Although there

was some evidence suggesting that the clients' damages could exceed $4 million, Ms. Tester-

Lamar adamantly disputed that she had any liability to her former clients. On two occasions, the

clients offered to settle their claims for the coverage limit of the One Beacon policy.  On neither occasion did One Beacon timely respond to the settlement offer, and as a consequence, the offer expired.

On March 1, 2012, while the malpractice litigation was still ongoing, Ms. Tester-Lamar filed for bankruptcy under Chapter 7.  Douglas Larson (Trustee) was appointed as the Trustee in Ms. Tester-Lamar's bankruptcy case.

In June 2012, the Trustee entered into a settlement agreement in the malpractice action. The agreement provided that the Trustee would (1) confess judgment in favor of the former clients in the amount of $4.5 million, and (2) pursue a bad faith claim against One Beacon due to its failure to settle.  In exchange, the former clients agree to waive their claims against Ms. Tester-Lamar's law firm and to fund the Trustee's lawsuit against One Beacon.  The Bankruptcy Court approved the agreement, and in October 2012, judgment was entered against Ms. Tester-Lamar in the amount of $4.5 million.  The Trustee then brought this action against One Beacon, asserting authority under 11 U.S.C. § 541 and § 323 to liquidate property of the bankruptcy estate.

In this action, the Trustee initially asserted three claims under Colorado law: (1) breach of the insurance contract; (2) bad faith breach of the insurance contract; and (3) violation of C.R.S. § 10-3-1115 by unreasonably delaying or denying  payment of a claim for benefits owed to Ms. Tester-Lamar. The breach of contract claim has been dismissed, due to the Trustee's failure to specify what provision of the contract was breached.[1]  This leaves the remaining two claims.  One Beacon moves for summary judgment on the claim on the bad faith breach of insurance contract.

---

[1]  *See* Docket #73.

## II.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

## III.  Analysis

One Beacon argues that it is entitled to judgment in its favor on the bad faith claim because the Trustee cannot make a prima facie showing of each elements of the claim.  The Court agrees that the Trustee cannot prevail — but not because there is a deficiency of proof with regard to the elements of his claim.  Rather, the Court finds that, first, no bad faith claim against One Beacon accrued prior to Ms. Tester-Lamar's bankruptcy filing, and second, as a

consequence, neither Ms. Tester-Lamar's bankruptcy estate nor the Trustee as its representative have any claim to pursue in this action.

### A. Bankruptcy Principles

Because the Plaintiff in this action is a Chapter 7 Bankruptcy Trustee, the Court begins with consideration of several fundamental principles of federal bankruptcy law.  First, a Chapter 7 Trustee is the agent of the bankruptcy estate, and therefore has the duty to "collect and reduce to money the property of the estate . . . ." 11 U.S.C. § 323(a) and § 704(a)(1).  In this capacity, a Trustee has authority to pursue claims and causes of action that are property of the bankruptcy estate.  11 U.S.C.§323(b).

Second, the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1) (emphasis added).  The phrase "as of the commencement of the case" places both temporal and qualitative limits on the reach of the bankruptcy estate.  In a temporal sense, "as of the commencement of the case" sets a clear-cut date for presumptive determination of whether specific property belongs to an estate.[2]  For example, if a debtor had a legal claim or cause of action that had accrued prior to the bankruptcy filing, such claim would become property of the bankruptcy estate and the Trustee could pursue it.  *See Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996).  In a qualitative sense, "as of the commencement of the case" limits the property of the estate to the precise interests and rights that the debtor had on the petition date.  *See In re Hedged-Investments Associates, Inc.*, 84 F.3d 1281, 1285 (10th Cir. 1996).  So, for example, if a claim or cause of action has not accrued prior to the bankruptcy filing, there is nothing for the

---

[2]  Section 541(a)(3)-(7) identify certain types of property that become part of the estate post-petition, but none of these provisions are applicable here.

Trustee to pursue.  *See Witko v. Menotte* (*In re Witko*), 374 F. 3d 1040, 1042 (11th Cir. 2004)*,*

*cited with approval in Cook v. Baca*, 512 Fed.Appx. 810, 820 (10th Cir. 2013).

Finally, the nature and scope of the debtor's interests or rights at the time of the filing of

the bankruptcy case is determined by state law.  *See Butner v. United States*, 440 U.S. 48, 55

(1979); *Parks v. FIA Card Servs., N.A.,* 550 F3d 1251 (10th Cir. 2008).  In this case, Colorado

law applies.

### B.  Colorado Law

Colorado recognizes bad faith tort liability with regard to an insurance contract in two

contexts — first-party and third-party.  First-party claims arise when an insurance company

delays or refused to make payments "owed directly to its insured under life, health disability,

property fire or auto insurance" policy.  *Goodson v. Am. Standard Ins., Co.*, 89 P3d 409, 414

(Colo. 2004).  Third-party bad faith claims, like the one asserted here, arise when an insurance

company acts unreasonably in investigating, defending, or settling a claim brought by a third

person against the insured under a liability policy.  *Id.*  With regard to third-party bad faith

claims, it is actually the insured rather than the third party that holds the claim because the

insurer's duty of good faith and fair dealing extends only to the insured.  A third party can pursue

the claim against the insurer, if the insured assigns his or her claim to the third-party.  *Nunn v.

Mid-Centruy Ins.Co.*, 244 P.3d 116, 119 (Colo. 2010).

Like other torts recognized by Colorado law, a bad faith claim accrues when the insured

knew (or should have known) that the insurance company acted unreasonably and the insured

suffers an injury.  C.R.S. §13-80-108(1).  In the third-party context, this means two events must

occur: first, the insurer must act unreasonably in handling a claim against its insured, and second,

the insured must suffer an exposure to excess liability.  Colorado law provides that in the context

of an unreasonable failure to settle, the injury to the insured cannot be "known" pursuant to § 13-80-108(1) until a final judgment as to the insured's liability.  *See Torrez v. State Farm Mutual Automobile Ins. Co.*, 705 F.2d 1192, 1202 (10th Cir 1982); *Vanderloop v. Progessive Casualty Insurance Co*. 769 F. Supp. 1172, 1175 (1991); *cf. Brodeur v. American Home Assurance Company*, 169 P.3d 139 (Colo. 2007).

### C.  Application of Bankruptcy Principles and Colorado Law

The bad faith claim asserted in this case is a third-party claim.  The Trustee contends that One Beacon unreasonably failed to settle the malpractice action against Ms. Tester-Lamar and, as a consequence, Ms. Tester-Lamar was injured when a $4.5 million judgment was entered against her.  The Trustee pursues the claim as property of Ms. Tester-Lamar's bankruptcy estate. Unfortunately for Ms. Tester-Lamar's creditors, however, the claim is not property of the estate because it had not accrued as of the time of the bankruptcy filing.

For such claim to be property of the estate, it had to have accrued as of the bankruptcy petition date — March 1, 2012.  Under Colorado law, accrual required both that One Beacon unreasonably failed to settle the malpractice action against Ms. Tester-Lamar, and that Ms. Tester-Lamar was injured as a result.

On March 1, 2012, the malpractice action against Ms. Tester-Lamar was ongoing.  She was represented by One Beacon, which had failed to respond to offers to settle at policy limits. Viewing the evidence in the light most favorably to the Trustee, which the Court must do in considering a motion for summary judgment, a reasonable jury could find that One Beacon acted unreasonably in failing to settle the malpractice action.  Thus, the first requirement for accrual of the bad faith claim occurred before the bankruptcy petition was filed.

However, the second requirement for accrual of the bad faith claim, injury to Ms. Tester-Lamar, was not satisfied before the petition date.  Under Colorado law, for there to have been an injury to Ms. Tester-Lamar, there must have been a final judgment determining that she was liable to her former clients in an amount in excess of the policy coverage ($1 million).  No such judgment was entered before March 1, 2012.  As a consequence, no bad faith claim had accrued prior to the bankruptcy filing, became property of the bankruptcy estate, or can be pursued by the Trustee in this action.[3]

The Trustee apparently did not recognize the two conditions necessary for a bad faith claim to accrue.  He mistakenly assumed that Ms. Tester-Lamar had a claim that became property of the bankruptcy estate, and based on that assumption, negotiated a settlement that resulted in the October 2012 judgment against Ms. Tester-Lamar in amount of $4.5 million.  He contends that this fixes Ms. Tester-Lamar's loss at $3.5 million because if One Beacon had acted reasonably the malpractice claims would have been settled at the $1 million policy limits.

Actually, the stipulated judgment has no legal effect on the determination of property of the estate.  Apart from the fact that the judgment was entered post-petition, the Trustee had no

---

[3]  At oral argument, the Trustee suggested that an equitable doctrine recognized in the Tenth Circuit would allow property that Ms. Tester-Lamar acquired after her bankruptcy filing to be treated as property of the estate.  The "sufficiently rooted in the prepetition past" doctrine is derived from *Segal v. Rochelle*, 382 U.S. 375 (1966), a decision that predated the current Bankruptcy Code.  Whether the doctrine remains good law in light of the statutory provisions of 11 U.S.C. § 541 has not been squarely addressed in the Tenth Circuit, and indeed, the Circuit court has applied it in limited circumstances.  In *Parks v. Dittmar (In re Dittmar)*, 618 F.3d 1199 (10th Cir. 2010), the court held that a debtor's stock appreciation rights were property under Kansas law where a debtor had a contingent interest in property prior to the bankruptcy filing that matured after the filing.  In *Cook v. Baca*, 512 Fed.Appx. 810 (10th Cir. 2013), the court confirmed that the "sufficiently rooted" doctrine applies in such cases where the debtor obtains a contingent interest in property prior to the bankruptcy filing, and where the interest only matures after filing.  The Court finds that the situation here is distinguishable from cases where the "sufficiently rooted" doctrine has been applied.  The injury element of a bad faith claim cannot fairly be regarded as a "contingency."  Rather, it is a necessary element of the claim that must be proven.  Thus, Ms. Tester-Lamar did not, and could not, have *any* legal interest in the claim until an injury occurred.

Case 1:12-cv-03150-MSK-KLM   Document 117   Filed 03/31/15   USDC Colorado   Page 8 of 9

authority to act on behalf of Ms. Tester-Lamar. He participated in the malpractice action only as the representative of the bankruptcy estate. Indeed, the judgment and underlying settlement in the malpractice action expressly identify the Trustee in his capacity of representative of the bankruptcy estate. In such capacity, the Trustee had no authority to act for Ms. Tester-Lamar in determining her liability to her clients or to fix her loss — he could only act for the estate.[4] Ultimately, the stipulated judgment has no effect on Ms. Tester-Lamar, who discharged her pre-petition debt to her former clients through the bankruptcy. As to the estate, the consequence of the stipulated judgment, at most, acts to allow and quantify the former clients' claim. *See* 11 U.S.C. § 502.

### D. Remaining Claim

The only claim remaining in this case is one for violation of C.R.S. § 10-3-1115 for unreasonably delaying or denying payment of a claim for benefits owed to Ms. Tester-Lamar. The Court notes, however, that the analysis above would apply equally to a claim under C.R.S. § 10-3-1115 with regard to the Trustee's standing to assert the claim. This will constitute notice pursuant to Fed. R. Civ. P. 56(f) that the Court will consider entry of summary judgment on this claim because the Trustee has no viable claim.

---

[4] The Trustee may have believed that in settlement of the malpractice action, the estate was acquiring the third-party bad faith claim from Ms. Tester-Lamar's former clients. However, no assignment is reflected in the Settlement Agreement, in the Order of the Bankruptcy Court approving it, or in the arguments presented to this Court. Indeed, the agreement by the former clients to fund the Trustee's bad faith litigation suggests the contrary.

8

## IV.  Conclusion

For the forgoing reasons, the Defendant's Renewed Motion for Summary Judgment is

**GRANTED**.  The Plaintiff's claim for bad faith breach of insurance contract is dismissed.  The

only claim remaining is for violation of C.R.S. § 10-3-1115.  It shall also be dismissed unless the

parties make a sufficient showing that the Trustee/bankruptcy estate has a viable claim within 14

days of the date of this order.

Dated this 31st day of March, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge