**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 12-cv-03150-MSK-KLM

**DOUGLAS LARSON, in his capacity as Bankruptcy Trustee for the Estate of Cynthia Coreyn Tester-Lamar,**

    Plaintiff,

v.

**ONE BEACON INSURANCE COMPANY,**

    Defendant.

**OPINION AND ORDER GRANTING DISMISSING
CLAIM UNDER C.R.S. §§ 10-3-1115 and -1116 AND
DENYING AS MOOT MOTION TO STRIKE**

**THIS MATTER** comes before the Court *sua sponte* following its March 31, 2015, Order (**#117**) granting the Defendant's motion for summary judgment and dismissing the Plaintiff's claim for common-law bad faith breach of insurance contract. After a hearing on the motion, the Court found that the Plaintiff, the Trustee for the Bankruptcy Estate of Ms. Tester-Lamar, could not assert the common-law bad faith claim on behalf of the bankruptcy estate because the claim had not yet accrued at the time the bankruptcy petition was filed and therefore the claim was not property of the estate.[1] The Court indicated that the same analysis would apply equally to the only remaining claim in the case, which is a claim for violation of Colo. Rev. Stat. §§ 10-3-1115

---

[1] Whether the Trustee has standing to assert the claims in this case implicates the Constitution's case-or-controversy requirement, which must be met for this Court to exercise its subject-matter jurisdiction. A federal court's subject-matter jurisdiction cannot be forfeited or waived by the parties, and the Court has an independent obligation to address it, no matter the stage of litigation. *See Gad v. Kansas State University*, 787 F.3d 1032, 1035 (10th Cir. 2015); *The Wilderness Soc. v. Kane County*, 32 F.3d 1162, 1168 & n.1 (10th Cir. 2011). Although the issue was not raised by the parties in their briefing on the motion for summary judgment, the Court alerted the parties to the issue when it set the hearing on the motion. *See* Docket #112. At the hearing, both parties had an opportunity to, and did, present argument as to whether the claim was property of the estate. *See* Transcript, Docket #123.

and -1116 (referred to as statutory bad faith). The Court therefore gave notice of its intent to dismiss the statutory claim unless the "parties make a sufficient showing that the Trustee/bankruptcy estate has a viable claim."

In response to the Court's Order, the Trustee filed a brief regarding the statutory claim (#119).[2] Essentially, the Trustee argues that he has standing to assert the statutory claim because he believes the claim is property of the bankruptcy estate for the same reasons he believes that the common-law bad faith claim is property of the estate. Specifically, the Trustee argues that both claims accrued before Ms. Tester-Lamar filed for bankruptcy, or, alternatively, they are sufficiently rooted in her pre-petition past so as to be part of the estate.

Both of these arguments were addressed in the March 31, 2015 Order regarding the common-law bad faith claim. The Trustee has not presented any new argument or rationale as to why or how the statutory claim should be analyzed differently than the common-law claim. Instead, the Trustee simply iterates why the common-law bad faith claim should not have been dismissed and argues that the same reasoning should apply to the statutory claim as well.

To the extent the Trustee seeks reconsideration of the dismissal of the common-law claim, the Court finds that relief is not warranted. A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

---

[2] The Defendant also filed a brief (#118). As expected, the Defendant argues that the statutory claim is not property of the bankruptcy estate. (The Defendant also contends that the Trustee cannot establish that he is entitled to relief under C.R.S. §§ 10-3-1115 and -1116 because Ms. Tester-Lamar was not a first-party claimant and that he cannot prove that the Defendant acted unreasonably.) In addition to these arguments, the Defendant requests attorney fees with regard to the statutory claim pursuant to C.R.S. § 10-1-1116. The Court declines to address the request for fees at this time. Should the Defendant decide to pursue attorney fees, it may do so by separate motion that complies with the requirements of D.C.COLO.LCivR 54.3.

None of the grounds warranting a motion to reconsider exist here. The Trustee was given an opportunity to prepare and present his arguments regarding whether the claims were property of the bankruptcy estate at the hearing on the motion for summary judgment. He advances those same arguments here, albeit in significant more detail and couched in terms of the statutory claim. The Court declines, however, to address the same arguments for a second time.

For the forgoing reasons, the Court therefore finds that there has not been a sufficient showing that the Trustee of Ms. Tester-Lamar's bankruptcy estate has a viable claim for statutory bad faith under C.R.S. §§ 10-3-1115 and -1116.[3] Accordingly, the claim is **DISMISSED** for the same reasons articulated in the Court's March 31, 2015 Order regarding the common-law bad faith claim. Also before the Court is the Defendant's Motion to Strike **(#120)** portions of the Defendant's submission in response to the Court's March 31, 2015 Order. That motion is **DENIED AS MOOT**. All claims in this matter having been resolved, the Clerk is directed to close this case.

Dated this 7th day of October, 2015.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

---

[3] Even if the Trustee had established that the statutory claim was property of the estate, the Court has grave doubts as to its viability for a second reason. Statutory bad faith under C.R.S. §§ 10-3-1115 and -1116 extends relief only to first-party claimants *i.e.* insureds to whom benefits were owed directly. Here, it is quite clear that the claims are brought in the third-party context, meaning that the benefits were to be paid under a liability policy on behalf of the insured to a third-party, not to the insured herself.